ROBERT M. FIELD *vs.* EDWIN B. CAPPERS.

Kennebec.    Opinion December 9, 1888.

*Pleading.    Puis Darrein Continuance.    Repleader.*

A plea of release *puis darrein continuance* is defective which alleges no place
where the release was made, nor states the day of the last continuance, nor
that there had been any continuance, nor any thing of that effect.

When such a plea is adjudged bad on demurrer, the court may allow a
repleader on terms.

ON EXCEPTIONS, to the ruling of the superior court, Kenne-
bec county, in sustaining plaintiff's demurrer to a plea of release
*puis darrein continuance* filed in that court by the defendant.

The defendant's plea is as follows :

And now comes the defendant in the above entitled action at
this first term of entry of said action in said court, and for plea
says, that the said plaintiff ought not further to have or maintain
his aforesaid action against him, because he says that after the
14th day of our said court, that is to say, after September 21st,
1887, to wit, on the 27th day of September, 1887, the said Edwin
B. Cappers, said defendant, then and there paid the said plaintiff
Robert Fields, the sum of ten dollars in full settlement, cancella-
tion and discharge of all damages and costs of said suit ; and then
and there took a receipt-release therefor,—of September 27, 1887,
date ; said receipt being signed and given by said plaintiff, and
here in court to be produced ; for the valuable consideration to
him paid as aforesaid, did as aforesaid, release and discharge said
suit and satisfy all damages and costs named in said writ and
caused by said action and all interest therein of every name and
nature ; and this the defendant is ready to verify.

Wherefore he prays judgment if the plaintiff ought further to
have and maintain his aforesaid action against him.

*E. W. Whitehouse,* for defendant.

The action being an appeal case was in order for trial in the
superior court, at the same term it was entered.    It was so held

upon the docket. There was no intervening term, or general or special continuance of the action. It simply stood in its order upon the docket for trial. It was the proper plea. It sets forth clearly the meaning and intent of the defendant. The plaintiff is given notice of the nature of the defense. It states the amount to wit, ten dollars, and the purposes for which the money was paid, by whom and to whom paid. It states the place where and time when paid, to wit, in the County of Kennebec, and on September 27, 1887. There having been no continuance of the action in the court, to which this appeal was taken, there is no propriety in alleging, in the plea "since the last continuance."

The demurrer should be special, and not general. *Mahan* v. *Sutherland*, 73 Maine, 158.

The court may allow defendant to plead anew. *Moulton* v. *Augusta*, 75 Maine, 551.

*F. E. Southard*, for plaintiff.

PETERS, C. J. This action of assumpsit on an account annexed comes from a municipal court to the Kennebec superior court, by appeal. In the appellate court the defendant pleaded, *puis darrein continuance*, a release since the general issue was pleaded in the court below, the plaintiff demurring to such plea.

Great certainty is required in pleas of this description, in both substance and form. It is easy to draft a correct plea of the kind, inasmuch as recourse to the forms which have been universally approved for a century will furnish safe guidance.

The plea here is defective, in that no place is alleged where the release was made or delivered; time and place should be alleged. *Cummings* v. *Smith*, 50 Maine, 568.

It is defective, in that it does not state the day of the last continuance, or that there ever was a continuance. Such a statement in some form is indispensable, under our system composed of common law forms, whilst it may not be so in some courts which are constantly open, and do not adjourn from term to term. So held in *City of Augusta* v. *Moulton*, 75 Maine, 551.

The plea is otherwise uncertain, involved and confused, and vitally defective.

While the demurrer must be adjudged good, and the plea bad, it would be in the furtherance of justice to accord to the defendant the right of repleader on payment of costs accruing since the plea was filed.   On failure to do which, judgment in the action to go against the defendant.   This concession to the defendant is allowable in the discretion of the court.   It was so held in the case last cited.

*Demurrer sustained.   Plea bad.*
*Repleader allowed upon terms.*

WALTON, DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.